**Last revised 8/1/15**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                          Case No.:        _____

Karen Barel                                                     Judge:           _____

                                                                Chapter:                    13

                    Debtor(s)

## Chapter 13 Plan and Motions

☒   Original              ☐   Modified/Notice Required              ☐   Discharge Sought

☐   Motions Included      ☐   Modified/No Notice Required           ☐   No Discharge Sought

Date:   _____9/30/2015_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice.  **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| Part 1:    Payment and Length of Plan |
| --- |

a.  The debtor shall pay $ _____500_____ per _____month_____ to the Chapter 13 Trustee, starting on _____October 1, 2015_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:
   See attached additional provisions

## Part 2:   Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:   Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Law Offices of Scott J. Goldstein, LLC | Attorneys fees | $3000.00 |

## Part 4:   Secured Claims

### a. Curing Default and Maintaining Payments
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Modification

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Stonebridge at Wayne, HOA | 114 Warbler Drive, Wayne, NJ | 382,000 | 0.00 |
| Greentree Serving, LLC | 114 Warbler Drive, Wayne, NJ | 382,000 | 0.00 |

3

   **d. Secured Claims Unaffected by the Plan**

      The following secured claims are unaffected by the Plan:

   **e. Secured Claims to be Paid in Full Through the Plan**:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims

   **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

    ☐ Not less than $ _____ to be distributed *pro rata*

    ☐ Not less than _____ percent

    ☒ *Pro Rata* distribution from any remaining funds

   **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

| Part 7:    Motions |
|---|

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b.  Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|------------------------------|-----------------------------------------|
|          |           |                              |                                         |

## Part 8:   Other Plan Provisions

### a. Vesting of Property of the Estate

☐   Upon confirmation

☒   Upon discharge

### b.  Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c.  Order of Distribution

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions

2)  Attorneys Fees_____

3)  Arrears on Secured Claims, Priority Claims, and secured claims_____

4)   General unsecured claims_____

### d.  Post-Petition Claims

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|   |   |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐   Yes       ☐   No

**Part 10:    Sign Here**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.


Date: 9/30/2015_____          /s/Scott J. Goldstein_____
                                                                                   Attorney for the Debtor


I certify under penalty of perjury that the above is true.


Date:  9/30/2015_____          /s/Karen Barel_____
                                                                                   Debtor


Date:  _____          _____
                                                                                   Joint Debtor

## ADDITIONAL PROVISIONS

Pursuant to part 1(e), the following additional provisions apply to the Chapter 13 Plan:

**A. Secured Claims Surrendered**

**Any claims surrendered to creditors in part 4(c) of the Plan are surrendered in full and final satisfaction of the creditor's claims.**

**B. Transfer and vesting of title**

**Pursuant to 11 U.S.C. §1322(b)(9) and notwithstanding any other provisions, this Plan, on Confirmation, shall transfer and vest all rights, title and interest of the Debtor in the real property known as 114 Warbler Drive, Wayne, New Jersey in Ariel Barel, the current joint owner of that real property.  Mr. Barel may file this Plan in office of the appropriate County Clerk and same shall be treated as a quitclaim deed of the Debtor's interest.**

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 15-28409-VFP
Karen Barel                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: szive              Page 1 of 1          Date Rcvd: Oct 01, 2015
                              Form ID: pdf901          Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 03, 2015.
db            Karen Barel,   7 Lakeview Drive,   Heritage Lakes,   Hamburg, NJ  07419
515766792     +AMEX,   P.O. BOX 981537,   EL PASO, TX 79998-1537
515766793     +Ariel Barel,   114 Warbler Drive,   Wayne, NJ 07470-8471
515766795     +Equifax Information Services, LLC,   PO Box 740256,   Atlanta, GA 30374-0256
515766796     +Experian,   476 Anton Boulevard,   Costa Mesa, CA 92626
515766802     +PNC BANK,   103 BELLEVUE PKWY,   WILMINGTON, DE 19809-3701
515766800     +Phelan Hallinan and Diamond, PC,   400 Fellowship Road,   Mount Laurel, NJ 08054-3437
515766801     +Piekarsky and Associates,   191 Godwin Avenue, Suite 9,   Wyckoff, NJ 07481-2052
515766799     ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,   PO BOX 245,
               TRENTON NJ 08646-0245
               (address filed with court:  New Jersey Division of Taxation,   Bankruptcy Section,   PO Box 245,
               Trenton, NJ 08695)
515766803     +Stonebridge at Wayne,   c/o Piekarsky & Associates,   191 Godwin Avenue, Suite 9,
               Wyckoff, NJ 07481-2052
515766804     +Superior Court of New Jersey,   77 Hamilton Street,   Paterson, NJ 07505-2096

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: leah.bynon@usdoj.gov Oct 01 2015 22:50:08     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 01 2015 22:50:06     United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
515766794     +Fax: 602-659-2196 Oct 01 2015 23:23:33     ChexSystems Collection Agency, Inc.,
               7805 Hudson Road, Ste 100,   Saint Paul, MN 55125-1703
515766797     +E-mail/Text: bankruptcy.bnc@gt-cs.com Oct 01 2015 22:49:51     Green Tree Servicing, LLC,
               345 St. Peter Street,   Saint Paul, MN 55102-1213
515766798      E-mail/Text: cio.bncmail@irs.gov Oct 01 2015 22:49:43     Internal Revenue Service,
               Internal Revenue Centralized Insolvency,   Operation,   PO Box 7346,
               Philadelphia, PA 19101-7346
515766805     +E-mail/PDF: gecsedi@recoverycorp.com Oct 01 2015 23:00:58     SYNCB/JCP,   PO BOX 965007,
               ORLANDO, FL 32896-5007
                                                                                   TOTAL: 6


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515766806   ##+Transunion,   P.O. Box 6790,   Fullerton, CA 92834-9416
                                                                        TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2015                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 30, 2015 at the address(es) listed below:
        Scott J. Goldstein   on behalf of Debtor Karen  Barel sjg@sgoldsteinlaw.com,
          cmecf.sgoldsteinlaw@gmail.com
                                                                        TOTAL: 1